IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ENRIQUE COLLAZO JUBAN                                                            PETITIONER

VERSUS                                                  CIVIL ACTION NO. 5:04cv245DCB-JCS

JOHN ASHCROFT                                                                    RESPONDENT

## OPINION AND ORDER

Upon further consideration of the complaint and the records in this action, the court finds that an order was entered on March 23, 2006, requiring plaintiff to show cause why this civil action should not be dismissed for the petitioner's failure to comply with the order of January 26, 2006. The plaintiff was directed to respond to that order of show cause on or before April 14, 2006. Plaintiff was warned that his failure to timely comply with the requirements of the order may lead to the dismissal of his lawsuit. A copy of the order was mailed to the plaintiff at his last known address.

According to the docket entry of April 5, 2006, the envelope containing the copy of the order entered on March 23, 2006, was returned to this office with a notation "attempted not known - return to sender." Even though the petitioner has been warned by previous documents and orders from this court, he has failed to contact this court with a new address or to otherwise inquire as to the status of the instant civil action. Consequently, this court finds that the plaintiff's failure to comply with an order of this court or to communicate otherwise with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under

Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 18th day of May, 2006.

    S/DAVID BRAMLETTE               
    UNITED STATES DISTRICT JUDGE